**UNITED STATES of America, Appellee,**

v.

**John F. HENSLER, Jr. and Charles Batty, Appellants.**

**No. 79–5098.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 2, 1980.

Decided July 23, 1980.

James K. Jenkins, Atlanta, Ga. (Stroup, Goldstein, Jacobs, Jenkins & Pritzker, Atlanta, Ga., on brief), for appellant John F. Hensler, Jr.

Bruce H. Morris, Atlanta, Ga., (Devine & Morris, Atlanta, Ga., on brief), for appellant Charles Batty.

Morris D. Rosen and Robert N. Rosen, (Rosen, Oberman & Rosen, Charleston, S. C., on brief), for appellants.

Lionel S. Lofton, Asst. U. S. Atty., Charleston, S. C. (Thomas E. Lydon, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge:

Convicted on each of the three counts of a joint indictment[1], respectively charging them with a conspiracy to import marijuana, 21 U.S.C. § 963, with the importation thereof, 21 U.S.C. §§ 952(a), 960; 18 U.S.C. § 2, and with the possession of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2, John F. Hensler and Charles Batty appeal their sentences. Common to, and decisive of, all these accusations is the issue of whether a grounded sailboat's cargo of 21,000 pounds of marijuana had been erroneously allowed in evi-

---

1. Their trial, non-jury, was in the Federal District Court for South Carolina, but the third indictee, Michael C. Falker, had not been apprehended and was still a fugitive.

dence at trial because it had been obtained by a search and seizure violative of the Fourth Amendment.[2] With the District Judge, we think not. Though without a warrant, the search and seizure was made under exigent circumstances and was based upon probable cause. Hence, we affirm the convictions.

On the dominant issue, the proof, taken on a motion to suppress, was not in dispute and, as material, it follows. A sailing vessel, the Desiderata D, on August 29, 1977, became stranded upon a sandbar at Murrell's Inlet, a domestic waterway located along South Carolina's seacoast, near Garden City. On the next morning, August 30—18 or 19 hours later—she was boarded by three men, John Wayne Strickland, Carson Benton and Bobby Strickland, employed or residing in the vicinity, who had learned of the vessel's presence in the Inlet. They apparently discovered marijuana stowed in the hold. Returning ashore, Benton telephoned the County Police Department and told Detective Johnson, a law enforcement officer of eight years, that he had information concerning marijuana aboard a sailing vessel in the Inlet.

That afternoon Detective Johnson, accompanied by a South Carolina Law Enforcement Department agent, Anderson, met Benton at a Garden City fishing pier. He asked if they could pay him for some information about marijuana; then he told them of the Desiderata D. At the same time, he handed the officers a white paper napkin containing a small amount of marijuana, identified as such by Anderson and Johnson, the latter having worked with marijuana for the last eight years. According to Johnson, Benton told them the boat was "loaded down" with it.

Soon they were joined by County Sheriff Carter and a deputy, along with three Customs Patrol Officers who had previous information of the stuck boat. After circling the site from spot to spot ashore, surveying for the most advantageous approach, they determined, at the Sheriff's insistence, to board her. The boat was reached with a small boat and by wading. Concededly without a search warrant, the Sheriff, the Customs Officers and State and County Officers scaled the deck and there whiffed a strong odor of marijuana, whereupon they broke the lock on one of the hatches and so exposed 21,000 pounds of contraband marijuana. The boat and its contents were then seized; there were no arrests since no one else was seen aboard.

The trial judge, as do we, rested his ruling upon the firmly precedented exception to the exaction of the Fourth Amendment: that exigent circumstances can justify a search and seizure by police authorities without a warrant. When the subject of the search is a movable vehicle, as contrasted with a fixed edifice, such exigency almost inevitably is present.

These cardinal points were early made in *Carroll v. U. S.*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925):

> On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid.

*Id.* at 149, 45 S.Ct. at 583–84.

In reviewing the testimony relating to the circumstances of the boarding and taking of the Desiderata D, we consider the evidence in the light most favorable to the Government. With this in mind, we hold the seizure on trial not to have been unreasonable but, rather, to have been upon such probable cause as to justify the boarders' belief that, in the circumstances confronting them as officers of the law, duty de-

---

**2.** The Fourth Amendment states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S.Const. amend. IV.

manded their immediate seizure of the vessel.

The Sheriff's and agents' assessment of the situation as exigent becomes manifestly accurate upon allusion to the hazard of the Desiderata D. She had no line ashore, no anchor, indeed no moorings of any sort. Heeling at about 45 degrees with the tide, to all *appearances* she was quarry both to storm and stealth, to be carried out to sea or to the bottom, or towed to a more ready location for the discharge or dispensing of drugs.

The present application of these conclusions is not rendered unpersuasive or defeasible by the neglect of the officers to commission one of their number to obtain a search warrant while leaving the remainder to guard the vessel, a delinquency upon which this court vitiated the search in *United States v. Bradshaw*, 490 F.2d 1097 (4th Cir. 1974). The Desiderata D's preservation and protection were impatient of hesitancy; opportunity for an intermission of effort to take her was not assured.

As the Supreme Court has stated:

[W]e know of no case or principle that suggests that the right to search on probable cause and the reasonableness of seizing a [vehicle] under exigent circumstances are foreclosed if a warrant was not obtained at the first practicable moment.

*Cardwell v. Lewis*, 417 U.S. 583, 595, 94 S.Ct. 2464, 2472, 41 L.Ed.2d 325 (1974).

Appellants further argue that the District Court erred in denying Hensler's motion to suppress evidence derived from a previous search of his luggage at an airport security gate, in admitting evidence of Hensler's possession of a large sum of money revealed in that search, and in admitting a confession obtained from Batty. In addition, appellants maintain that the evidence was insufficient to convict Hensler of importation and conspiracy to import marijuana. We find these arguments to be without merit.

The judgments of the District Court on appeal will be sustained.

Affirmed.